506 P.2d 64

**Howard WILLIAMS, Plaintiff and Appellant,**

v.

**Mark H. GREENE, M.D., Defendant and Respondent.**

No. 13046.

Supreme Court of Utah.

Feb. 6, 1973.

Spafford & Young, Salt Lake City, for plaintiff-appellant.

John H. Snow, Worsley, Snow & Christensen, Salt Lake City, for defendant-respondent.

HENRIOD, Justice:

Appeal from a no cause of action summary judgment. Affirmed with costs to defendant.

Plaintiff suffered severe burns on August 30, 1968, while working for an oil company. He was attended by defendant, a doctor, who amputated two fingers and part of a third. The medical treatment was completed before the end of September of that year. Six months after the injury, plaintiff sued the oil company, not the defendant here, and strangely, under the facts of this present case, without joining him, and 17 months after the defendant had finished his medical treatment for plaintiff, the latter settled with the oil company for $70,000, being represented by the same counsel in the instant case, one of whom witnessed plaintiff's signature on the release.

The complaint and a subsequent letter negotiating the settlement made claim for payment of all damages suffered, making specific reference to the amputation, pain and suffering, the surgery, hospitalization, loss of wages and future earnings, all of which factors and items of alleged damage that represented his claim in his action against the oil company practically were repeated and included in the instant case sounding in malpractice against defendant here.

The "Release in Full of All Claims and Rights" stated that:

I understand and agree that this release extends to and includes any and all of my damages, injuries and claims which I do not anticipate or know about or suspect to exist, and to any and all damage, injuries or claims which may develop in the future, and I hereby expressly waive and relinquish any and all rights under any law or statute to the contrary.

Above plaintiff's signature on the release there appeared the following:

I UNDERSTAND THAT THIS IS ALL THE MONEY I WILL RECEIVE AS THE RESULT OF THIS ACCIDENT. I HAVE READ THIS RELEASE, UNDERSTAND IT AND AM SIGNING IT VOLUNTARILY.

The action against the oil company was stipulated in court to have been "fully compromised and settled" and the action dismissed with prejudice.

Ten months later, and more than two years after the defendant doctor's services had been rendered, plaintiff instituted this action, in which defendant, under the discovery process, requested admission of facts (Rule 36, Utah Rules of Civil Procedure). Plaintiff did not respond thereto and the court accepted the facts requested, as he properly was supposed to do, as being true, under Rule 45. Defendant filed a motion

for Summary Judgment, which, we conclude, properly was granted.

Appellant now says that the release was not intended to include full compensation for the injuries and that he did not intend to include a claim against the defendant doctor,—a sort of Johnnie Come Lately gesture. Such a claim at least should have been adverted to in the action before, and the almost stale claim now leveled at this doctor has little or no anachronistic logic,— save to say we want some more money from someone.

The appellant, not having responded to facts properly demanded under the rules, but preferring to argue about the elusive factor of intent in signing a full, complete, unreserved release of all claims, hardly can pursue a claim years later, without substantial and meaningful reason.

Appellant talks a lot about the "unity of release" rule and modern trends anent "joint" tortfeasors' liability and the distinctions between "joint" tortfeasors and "concurrent" tortfeasors and "subsequent" tortfeasors, and the like.

He forgets to concede that in his own language, in a suit against his employer, that he got $70,000 as compensation for his damages,—*including those he claims in this* suit against this doctor, which, under the facts of the case and the concessions made by appellant, mirror some kind of an abortive double payment that the law cannot tolerate.

Appellant's authorities generally are inapropos in this case except one or two, one of which appears to anesthetize himself in this case. Under the facts of this case, appellant's reliance on the eminent authority of Prosser, Torts, 2d Ed. (1955), p. 245, impales himself on the horns of his self-made dilemma when, in his brief, he quotes therefrom to the effect that:

> The only desirable rule would seem to be that a plaintiff should never be compelled to surrender his cause of action against any wrongdoer *unless he has intionally done so,* or unless he has received such *full* compensation that he is no longer entitled to maintain it. Where there has been such full satisfaction, or where it is agreed that the amount paid under the release is so received, no claim should remain as to any other tortfeasor; *but these are questions of fact, and normally to be deter.nined by the jury, where the amount of the claim is unliquidated.* (Emphasis added)

The very authority he cites inoculates him against any hope for a daily double.

CALLISTER, C. J., and ELLETT, and TUCKETT, JJ., concur.

CROCKETT, J., concurs in the result.